831 F.2d 291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas J. POTTER, Petitioner,
v.
SHANNON-POCAHONTAS MINING COMPANY, Director, Office of
Workers Compensation Programs, United States
Department of Labor, Respondent.
 No. 87-2529.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1987.
Decided: Oct. 9, 1987.
 
 Kendrick King, on brief for appellant.
 William T. Brotherton, III, Spilman, Thomas, Battle & Klostermeyer, on brief for appellees.
 Ben.Rev.Bd.
 REVERSED AND REMANDED
 On Petition for Review of an Order of the Benefits Review Board.
 Before HALL, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Potter, a 71 year old ex-coal miner, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial of benefits under the Federal Coal Mine Health & Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. (Black Lung Act).
 
 
 2
 Potter worked in the mines for over 30 years. His last job at the mines as fire boss required that he "walk the belt lines and ... walk the intakes once a week, skateways once a week and ... walk the belt line every night." The record indicates that in 1980 Potter stopped working at the mines because of pain in his legs and shortness of breath.
 
 
 3
 The ALJ concluded that the interim presumption should be invoked under 20 C.F.R. Sec. 727.203(a)(2). At the hearing before the ALJ medical evidence was introduced including x-rays, pulmonary function tests, blood gas studies and the medical opinions of Dr. M. Cardona, Dr. Robert Crisalli and Dr. John Prior. A vocational assessment conducted by Laura Jones was also introduced into evidence. Dr. Cardona concluded that Potter had a moderate limitation on walking, his ability to climb stairs was limited and he had severe limitation on lifting and carrying. Dr. Cardona also found that Potter suffered from severe shortness of breath as a result of his prior job at the mines. Dr. Crisalli and Dr. Prior concluded that Potter was able to perform his usual or comparable employment from a pulmonary standpoint. The vocational assessment concluded that from a pulmonary standpoint Potter was able to perform his former job. The assessment further noted, however, that poor circulation limited Potter's ability to walk and that "[w]alking was a vital part of his job as a Fire Boss." Relying on the medical reports of Dr. Crisalli and Dr. Prior the ALJ concluded that the presumption had been rebutted under 20 C.F.R. Secs. 727.203(b)(2) and (b)(3). The Board determined that the ALJ had correctly found rebuttal under Sec. (b)(2) and declined to address rebuttal under Sec. (b)(3).
 
 
 4
 Rebuttal under Sec. 727.203(b)(2) is proper if in light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work. "Section 727.203(b)(2) is concerned with the question of whether miners are totally disabled for whatever reason," Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890, 894 (4th Cir.1987) (emphasis in original), and requires consideration of the exertive requirements of the claimant's job and the extent to which the claimant's symptoms would hinder his performing comparable work. See id.
 
 
 5
 The record in this case does not establish that Potter was able to do his usual or comparable work. The evidence before the ALJ established that Potter suffered from poor circulation in his legs which made walking painful. The evidence also established that Potter was required to walk continuously in his job as fire boss. There was no contrary evidence establishing that Potter was able to perform his former job as fire boss or perform comparable work. The evidence was therefore insufficient to rebut the presumption under Sec. (b)(2).
 
 
 6
 Since the Board affirmed only the ALJ's finding of rebuttal under Sec. 727.203(b)(2), we express no opinion whether rebuttal under Sec. 727.203(b)(3) was proper. Instead, we reverse the denial of benefits and remand this case to the Board for further proceedings consistent with this Court's opinion in Sykes, supra.
 
 
 7
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 REVERSED AND REMANDED.